**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

IVAN CERBADA RODRIGUEZ,                )
                                       )
                 Petitioner,           )
                                       )
v.                                     )          Case No. CIV-26-836-J
                                       )
U.S. DEPARTMENT OF HOMELAND            )
SECURITY, et al.,                      )
                                       )
                 Respondents.          )

## <u>ORDER</u>

Petitioner Ivan Cerbada Rodriguez, a Mexican national, is currently in the custody of Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking release, or in the alternative, a bond hearing [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 14] recommending that the Court:  (1) grant in part the Petition by ordering Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within five business days, at which Respondents bear the burden of proof, or otherwise release Petitioner if he has not received a lawful bond hearing within that period; (2) require the government to bear the burden at any bond hearing to prove by clear and convincing evidence that Petitioner is either a flight risk or a danger to the community to justify continued detention; and (3) order Respondents to certify compliance by filing a status report within seven business days of the Court's order. Respondents filed a timely Objection [Doc. No. 15], triggering de novo review, *see* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023), and Petitioner filed a timely Reply [Doc. No. 16].

Petitioner is a citizen of Mexico who entered the United States on or about February 7, 2024, without admission or inspection, and ICE detained him shortly thereafter. On February 9, 2024, ICE released Petitioner and placed him into removal proceedings before the Immigration Court through the issuance of a Notice to Appear. At some point after Petitioner was released, he filed an application for asylum and obtained a valid work permit. On February 27, 2026, ICE re-detained Petitioner during a routine voluntary check-in. Petitioner is currently in ICE custody and is detained at the Diamondback Correctional Facility.

Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Respondents insist that § 1225(b)(2)(A) controls because Petitioner is an applicant for admission and that section unambiguously requires all applicants for admission to be subject to mandatory detention. *See* Obj. at 1-2. Although employing a de novo review, the Court declines to engage in lengthy analysis here.[1] This Court, and indeed most courts in this circuit and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026) (collecting cases). Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

Respondents also object to Judge Stephens' conclusion that "at Petitioner's bond hearing, the government should bear the burden to prove by clear and convincing evidence that he is either

---

[1] "[N]either 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). Indeed, the circuit court has upheld district court orders which "merely repeated the language of § 636(b)(1) to indicate its [de novo] compliance." In re Griego, 64 F.3d 580, 584 (10th Cir. 1995) ("[I]t is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.").

a flight risk or a danger to the community to justify continued detention." [Doc. No. 14 at 18]. Upon review of this matter, the Court concludes that it is premature and not fit for adjudication at this stage. A claim is not ripe for adjudication if it rests upon "'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–581 (1985) (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)). At this point in time, no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to that evidentiary framework. Accordingly, the Court declines to issue an advisory opinion instructing the Immigration Judge to apply a particular burden of proof. *See Jalloh v. Garland*, No. CIV-22-908-R, 2023 WL 3690252, at *2 (W.D. Okla. May 26, 2023) (declining to prospectively order Immigration Judge to adhere to specific burden of proof at bond hearing); *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. 2019).

Accordingly, the Report and Recommendation [Doc. No. 14] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it finds Respondents violated the Immigration and Nationality Act. The Court, therefore, ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received the hearing within that period. Respondents shall certify compliance within seven (7) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 26th day of May, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

3